**Bellis ROBINSON, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 13840.**

United States Court of Appeals Seventh Circuit.

Feb. 12, 1963.

Bellis Robinson, in pro. per., and George P. Blake, Chicago, Ill., for appellant.

Alfred W. Moellering, U. S. Atty., Joseph F. Eichhorn, Asst. U. S. Atty., Fort Wayne, Ind., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal by Bellis Robinson from a denial, without a hearing, on his *pro se* motion to vacate sentence under Title 28 U.S.C.A. § 2255. Appellant filed his motion on March 22, 1962, alleging, *inter alia*, illegal imposition of sentence, the knowing use of perjured testimony, entrapment and unlawful arrest.

The sentence sought to be vacated was imposed in 1959, for violations of Title 26 U.S.C.A. § 4704(a) (sale of narcotics not "in or from" the original stamped package), and Title 21 U.S.C.A. § 174 (sale, etc., of illegally imported narcotics).

The District Court, Judge Robert A. Grant presiding, denied the motion, stating:

"The Motion and the files and records conclusively show that petitioner is entitled to no relief, * *."

It is important to relate the factual situation in some detail even though the

issues for decision relate more to questions of law than of fact. Appellant, in a four-count indictment filed July 17, 1959, was charged with narcotic violations. Count 1 of the indictment charged:

"On or about May 23, 1959, in the Northern District of Indiana, Robert Taylor and John Robinson did knowingly, wilfully, feloniously and unlawfully sell, dispense and distribute a quantity of a narcotic drug, to-wit: 3 grams and 550 milligrams, more or less, of heroin hydrochloride, for the sum of $70.00, to Anthony D. Johnson, which said quantity of heroin hydrochloride was then and there not from the original stamped package, in violation of Section 4704(a) of Title 26 of the United States Code."

Count 2 charged:

"On or about May 23, 1959, in the Northern District of Indiana, Robert Taylor and John Robinson did fraudulently, knowingly, wilfully and feloniously receive, conceal, buy, sell, and facilitate the transportation, concealment and sale of a quantity of a narcotic drug, to-wit: 3 grams and 550 milligrams, more or less, of heroin hydrochloride, after said quantity of heroin hydrochloride had been imported into the United States and knowing said quantity of heroin hydrochloride to have been imported into the United States contrary to law, in violation of Section 174, Title 21 of the United States Code."

Counts 3 and 4 need not be set forth for the reason that Count 3, except as to the quantity and value of the narcotic described, is worded the same as Count 1, and Count 4, except as to the quantity and value of the narcotic described, is worded the same as Count 2.[1]

Appellant, with counsel of his own choosing, entered a plea of not guilty to all four counts and requested a jury trial. On September 16 and 17, 1959, he was tried before Judge Luther M. Swygert, then a District Judge, and found guilty by a jury on all four counts. No transcript of that trial was prepared and consequently none of the evidence is in the record in the instant matter. On September 23, 1959, a motion for a new trial was denied by Judge Swygert and sentence was imposed on the jury verdict. The judgment and commitment order reads as follows:

"Count 1—10 yrs.

"Count 2—20 yrs. and $2,000 fine.

"Count 3—10 yrs.

"Count 4—20 yrs.

"Sentences on all 4 counts to run concurrently.

"It Is Further Ordered that pursuant to the provisions of Title 18, Section 4208(a) (2) the defendant may become eligible for parole at such time as the board of parole may determine."

Prior to or during the hearing on the imposition of sentence, the Court stated:

"* * * I don't know that he [appellant Robinson] was one of the top suppliers; I think, if there was any difference, he was probably one of the lesser, so I am going to have that in mind insofar as it may relate to other sentences that have been passed here a few days ago. I think I am going to take into consideration that he is a family man, I have to say that for him, at least up to now; he has a young family; he has not been married very long, so I don't know how long he would have continued in that manner of conduct.

"I also have in mind and I am going to sentence under Section 4208, which reads:

"'* * * the court may fix the maximum sentence of imprisonment to be served in which event

1. Appellant in the indictment was named John Robinson, which during the proceeding was changed to Bellis Robinson, the name under which he was convicted and appeals.

the Court may specify that the prisoner may become eligible for parole at such time as the board of parole may determine.'

"It will be up to the board of parole to determine when he is to be paroled; I will have nothing to do with that; I will not make any recommendation."

At the time of the imposition of sentence, counsel for appellant stated his intention to appeal but, after an appeal bond was denied, appellant elected to commence and is still serving the sentence imposed. No appeal was taken from the judgment of conviction and appellant was without counsel from that time until counsel was appointed in the instant matter by this Court.

Appellant, in the interim between the judgment of commitment and the commencement of the instant proceeding, without the aid of counsel made numerous attempts to obtain relief from what he claimed was an illegal judgment. It cannot be determined with any exactness from the record before us the nature of such attacks and, in any event, we think it immaterial. It may be pertinent to point out that appellant, on December 15, 1959, filed a motion to vacate and set aside the judgment, under Title 28 U.S.C.A. § 2255. This motion was denied without a hearing by Judge Swygert, who had entered the original judgment. We are not advised as to whether the same issues which are raised on this appeal were before the Court in its disposition of that motion. Again, appellant filed a similar motion, on March 26, 1962, before Judge Grant, which was denied without a hearing. It is from this order the instant appeal comes to this Court.

Three issues are raised on this appeal: (1) whether Counts 1 and 3 of the indictment state an offense against the laws of the United States and, if not, whether such failure can be raised in the instant proceeding by way of collateral attack; (2) whether the sentence on each and all of the counts is void because the Court erroneously included in the judgment a provision making the appellant eligible for parole within the discretion of the Parole Board, and (3) whether the District Court erred in its denial of the motion to vacate sentence without a hearing, on the contention that the conviction was procured by the use of testimony known by the government to be perjured.

■ We need not dwell upon the first issue inasmuch as this Court has twice held that counts with exactly the same wording (except as to dates, names, amounts and values of the narcotic) as those in Counts 1 and 3 of the indictment under attack failed to state an offense. United States v. Bailey, 7 Cir., 277 F.2d 560, 563; United States v. Glass, 7 Cir., 277 F.2d 566, 568. In each of these cases we held that the counts failed to state an offense even though the issue as to their validity had not been raised in the trial court.[2]

The government, while conceding the invalidity of Counts 1 and 3 if the issue was raised on direct appeal, argues that they are not subject to challenge on appeal from a denial of relief under Title 28 U.S.C.A. § 2255. We need not cite or discuss numerous cases relied upon by the government in support of this argument. In the main they relate to situations where the defect was of a nature so minor as not to amount to invalidation. For instance, in United States v. Nickerson, 7 Cir., 211 F.2d 909, this Court stated (page 910):

"But a mere defect in an indictment may not be attacked collaterally under a motion to set aside the judgment and sentence."

The Court in that case also stated that the indictment was "sufficient to with-

2. The indictments in Bailey and Glass were returned in the same month and tried by the same Judge as in the instant case. The trial Judge obviously did not have the benefit of our decisions in Bailey and Glass, which were rendered almost a year later.

stand even a direct attack." This Court, in United States v. Shelton, 7 Cir., 249 F.2d 871, 874, stated:

"On a motion to vacate the sentence under Section 2255, the sufficiency of the indictment cannot be questioned, unless it is so defective on its face as not to charge an offense under any reasonable construction. [Citing cases.] Each one of the counts here, we think, sufficiently charged violation of the federal statutes."

See also our decision in United States v. Koptik, 7 Cir., 300 F.2d 19, 22.

In the present situation we are not concerned with counts of an indictment which are merely defective, but with those which are invalid for failure to state an offense. On direct appeal any judgment based thereon would, under our previous decisions, be set aside as a nullity. We are not impressed with the argument that a judgment, void because based upon a charge which does not state an offense, can be utilized to keep a person in prison even against a collateral attack. We hold that those portions of the judgment based upon Counts 1 and 3 are void and must be vacated.

■ The government's position as to the second issue is that an erroneous provision in a judgment and commitment with reference to parole is surplusage and does not render other portions of the judgment and commitment void. The government in its brief states:

"There is no merit to appellant's contention that the reference to parole renders the entire sentence void. The reference to parole in defendant's original sentence and commitment was erroneous. Public law 85–752, Section 7, 72 Stat. 845 provides that, 'This Act does not apply to any offense for which there is provided a mandatory penalty.' Defendant was convicted for violation of 21 U.S.C. 174 and 26 U.S.C. 4704, statutory offenses for which mandatory sentences had been fixed. Furthermore, under the provisions of 26 U.S.C. 7237(d), the defendant would not be eligible for parole. Consequently, reference to parole in the original sentence was clearly erroneous."

Inasmuch as the government concedes that "reference to parole in the original sentence was clearly erroneous," we need not quote or discuss the statute which requires such concession. The government is hardly accurate in describing the Court's action as a mere "reference to parole." As previously shown, the Court incorporated in and as a part of its judgment provided:

"It Is Further Ordered that pursuant to the provisions of Title 18, Section 4208(a) (2) the defendant may become eligible for parole at such time as the board of parole may determine."

Prior thereto, the Court stated its intention as follows:

"I also have in mind and I am going to sentence under Section 4208, which reads:

" ' * * * the court may fix the maximum sentence of imprisonment to be served in which event the Court may specify that the prisoner may become eligible for parole at such time as the board of parole may determine.' "

The government concedes that a solution of the issue depends upon the intent of the sentencing Judge (citing cases).

If the government's argument is accepted, it means that Judge Swygert intended that appellant serve 10 years on Counts 1 and 3 and 20 years on Counts 2 and 4, the maximum sentence which could have been imposed on each count, in spite of his expressed intention to impose a sentence by which appellant would become eligible for parole in the Board's discretion. This intent which the government ascribes to Judge Swygert is further refuted by the mitigating circumstances surrounding the appellant (heretofore quoted) to which he referred at the time of imposing sentence. The government also attempts to

support its position from the fact that appellant filed before Judge Swygert and Judge Grant, his successor, motions to vacate and set aside the sentence, which in both instances were denied. There is no showing, however, that the question of erroneous sentencing was presented and, even if it had been, we think a denial of such motions would not refute the record made at the time of sentencing, which unmistakably discloses the intention of Judge Swygert at that time.

Appellant attaches to his brief four photostatic copies of unpublished orders entered by the District Court in the Eastern District of Michigan, wherein the Court was confronted with the same situation as that here. United States v. Edward Hester, Cr. No. 37549 (Nov. 9, 1960); United States v. Raymond E. Potts, Cr. No. 36807 (April 10, 1961); United States v. Robert C. Vant, Cr. No. 37459 (April 10, 1961), and United States v. Clarence Purofoy, Cr. No. 37632 (May 24, 1961). Of these orders, Hester is typical. In that case the sentencing Court included in its judgment and commitment order the following:

> "It is Adjudged that the defendant may become eligible for parole at such time as the Board of Parole may determine."

The Court, after imposing sentence, stated:

> "I will recommend that you be admitted to parole at any time the parole authorities want to release you."

The Court, hearing defendant's petition for a correction of the judgment and commitment order, referring to the sentencing Court stated:

> "These factors convince me that the sentence imposed does not accomplish the result which the Court intended, since, under the present law, it is mandatory that the petitioner serve the entire twenty-year sentence imposed on Counts II and

IV. I conclude that the sentences are therefore erroneous and subject to correction under Title 28 U.S.C. Sec. 2255."

Thereupon, the Court amended the original judgment by providing that the defendant be committed for a period of ten years on each of the four counts of the indictment, to be served concurrently. The only difference between that case (as well as the other cases cited) and the instant case is that there the judgment was corrected by a Judge of the same Court which had imposed sentence, while here, the District Court refused to do so and from such refusal appellant appeals.[3]

We have examined cases cited by the government in support of its contention that the provision in the judgment relative to parole may be treated as surplusage, and find them not in point. We are satisfied that the sentencing Judge acted under a misapprehension of law just as the sentencing Judge did in the Michigan cases and that the judgment must be corrected.

We have examined appellant's contention that the Court erred in its denial of the motion to vacate sentence without a hearing on the ground that conviction was procured by perjured testimony, known by the government to be such. This contention, on the record before us, is plainly without merit and we discern no reason to discuss it.

We express our appreciation to Mr. George P. Blake who represented appellant in the proceedings here, as Court-appointed counsel. He has favored us with a splendid argument and an unusually good brief.

We conclude and hold that the portion of the judgment and sentence based on Counts 1 and 3 of the indictment is void for failure of those counts to state an offense against the United States, and that the portion based on Counts 2 and 4 was entered under a misapprehension

---

3. It may not be entirely correct to say the District Court refused to make the correction because the record does not disclose whether the matter was called to the attention of that Court; in any event, the correction was not made.

of law entertained by the sentencing Judge.

The order denying appellant's motion to vacate sentence under Title 28, § 2255, is, therefore, reversed, with directions that the portion of the sentence and judgment based on Counts 1 and 3 be vacated and those counts dismissed. It is further directed that the portion based on Counts 2 and 4 be amended or vacated and a new sentence imposed in accordance with law.