UNITED STATES of America,
Appellee,
v.
James Franklin LEWIS, Appellant.

No. 11679.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 10, 1968.

Decided March 4, 1968.

Graham C. Lilly (Court-appointed counsel), for appellant.

William B. Long, Jr., Asst. U. S. Atty. (John C. Williams, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BRYAN, Circuit Judge, and MERHIGE, District Judge.

ALBERT V. BRYAN, Circuit Judge:

██ Our question is whether 28 U.S. C. § 2255[1] authorizes review of a permissible maximum sentence imposed under a misapprehension of law, but unappealed. Our judgment is that limited to the circumstances here, there is review under this statute.

In 1965 James Franklin Lewis was placed on probation for five years after conviction for the interstate transportation of a stolen motor vehicle. 18 U.S.C. § 2312. Six months later, November 23, 1966, on a charge of violating its conditions, Lewis' probation was revoked. Under 18 U.S.C. § 4208(a) (2)[2] he was committed for an indeterminate term of five years, the statutory maximum for the crime.

There was no appeal, but on June 8, 1966 he moved under Section 2255 and F.R.Cr.P. 35[3] for relief from the sentence. The judgment had been made, he argued, under a mistaken impression of the Court that Section 4208(a) (2) required pronouncement of the most severe term which lawfully could be laid on the offender. His motion denied, Lewis appeals.

The record is clear as to the Court's concept of the force of 4208(a) (2), the District Judge frankly stating:

"I'm going to have to revoke your probation, as you have anticipated. Now the only problem is as to how to best put it in a position to where you yourself will have a lot to do as to the length of time that you will be kept under control. I don't use it very often, but I'm inclined in this instance to use 4208(a) (2), which is the indeterminate sentence. *Under the law, of course, I have to give you the maximum, which is five years;* but by using that section it places you in a position insofar as parole is concerned." (Accent added.)

These remarks reflect also a sincere sympathy in the appellant's plight. The Court characterized Lewis as a "first class soldier", for in a distinguished Army career of nine years, he had risen to the rank of Chief Warrant Officer and earned the Bronze Star and Purple Heart in the Korean war. His encounters with the law sprang primarily from addiction to alcohol and barbiturates, in turn ascribed to a nervous condition developed from thirty-three months confinement in a communist prison camp during the Korean war.[4] Touched by

---

1. In pertinent part, Section 2255 reads as follows:
   "A prisoner in custody under sentence of a court * * * claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

2. Section 4208(a) (2) states that:
   "(a) Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interests of the public require that the defendant

be sentenced to imprisonment for a term exceeding one year * * * (2) the court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may become eligible for parole at such time as the board of parole may determine."

3. Rule 35 provides in relevant part that: "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed * * *."

4. The condition was apparently aggravated enough to prompt a Veterans' Administration psychiatrist to declare Lewis 40 per cent disabled in March, 1965.

Lewis, efforts to shake his addictions,[5] and noting that he "has bettered himself with every opportunity," the District Court stressed his qualification for a 4208(a) (2) mittimus:

"You are capable, from what I have here before me, of rehabilitating yourself and going back into society and making a go of it, but that's going to be up you."

The judge's solicitude suggests also that had he not thought the statute imperative he would have ordered a lesser term.

■ We agree with the appellant that 4208(a) (2) does not mandate the heaviest sentence. It reads as follows:

"[T]he court *may fix the maximum sentence of imprisonment to be served* in which event the court may specify that the prisoner may become eligible for parole at such time as the board of parole may determine." (Accent added.)

Had Congress intended that the emphasized clause call for the top limit of confinement, it would have said so explicitly, as it did in the companion section, 4208 (b), which does exact the maximum:

"[T]he court may commit the defendant to the custody of the Attorney General, which commitment *shall be deemed to be for the maximum sentence of imprisonment prescribed by law.*" (Accent added.)

Legislative history supports our reading of 4208(a) (2). The Senate Report explained that the portion of the bill later codified as 4208(a) (2) was designed to permit "the court, at its discretion, *to share with the executive branch* the responsibility for determining how long a prisoner should actually serve." S. Rep.No.2013, 85th Cong., 2d Sess. (1958), 1958 U.S.Code Cong. & Adm.News, pp. 3891, 3892. (Accent added.) Only if there is a discretion in setting the sentence can the court "share" re-

sponsibility with the executive. Otherwise, the length of the term would be prescribed exclusively by the United States Parole Board. It should be added that we are not the first to take this view of 4208(a) (2). In any number of cases, in utilizing this section courts have not inflicted the highest sentence.[6]

The question then is whether Lewis is entitled to relief. The Government urges that since he will be immediately eligible for parole, he has not been injured by the rigor of the sentence. But, as a practical matter, its grimness may well be assayed by the Board in determining *whether* and *when* to allow his release. Even if he wins it, the length of sentence governs the duration of the parole conditions. Furthermore, if Lewis should suffer a later conviction, in reaching decision on detention then, the past sentence would be noticed.

Rule 35 F.R.Cr.P. is invoked by Lewis but we deem it inapposite. Had the motion been brought on within 120 days of the sentencing session, the sentence might have been modified as one "imposed in an illegal manner." But since Lewis' motion on this ground was not timely, the rule can be utilized by him only to attack an "illegal sentence." Unfortunately for Lewis, in Hill v. United States, 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) the Court viewed this term restrictively, declaring that

"the narrow function of Rule 35 is to permit correction at any time of an *illegal sentence,* not to reexamine errors occurring at the trial * * *. The sentence in this case was not illegal. The punishment meted out was not in excess of that prescribed by the relevant statutes, multiple terms were not imposed for the same offense, nor were the terms of the *sentence itself* legally or constitutionally invalid in any other respect." (Footnote omitted.) (Accent added.)

---

5. Lewis had requested the Court that he be committed to an institution for medical treatment.

6. E. g. James v. United States, 348 F.2d 430 (10 Cir. 1965); Powers v. United States, 325 F.2d 666 (1 Cir. 1963); United States v. DeBlasis, 177 F.Supp. 484 (D.Md.1959).

■ Also, we note that the doctrine denying review of sentences, firmly rooted but often criticized,[7] might bar even a hearing on a criminal appeal upon the contention Lewis urges. As we said in United States v. Martel, 335 F.2d 764, 766 (4 Cir. 1964):

"Where the sentence is within the limit set by the statute, we are barred, except in the most exceptional circumstances, from any inquiry we might otherwise be inclined to make."

Born of a recognition that he has a more immediate and intimate knowledge of the convicted defendant's character, the rule allows the sentencing judge generous latitude in saying what punishment is condign.

■ In these circumstances we think Section 2255 is available as the appropriate approach for relief. As pertinent here, that section permits a Federal prisoner to move the sentencing court for relief

"upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is *otherwise subject to collateral attack* \* \* \*。

\* \* \* \* \*

"[The court may grant relief if it] finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or *otherwise open to collateral attack,* or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack \* \* \*. 28 U.S.C. § 2255 (Accent added.)

■ Section 2255 does not define "open to collateral attack", and the courts have not yet given it clear outline. In holding the present sentence assailable under 2255, we are mindful that the stat-ute is not a substitute for appeal on "mere error." Kyle v. United States, 297 F.2d 507, 511 n. 1 (2 Cir. 1961); see Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).

But we do not have "mere error" here. Lewis' plight is unusual and extraordinary. To begin with, the flaw is found at a juncture of the trial obviously beyond and wholly apart from the finding of guilt. The sentencing area is far narrower than the pre-verdict range. A retrial is not needed to rectify the fault. Hence, there is less reason to refuse, for a sentencing error, the 2255 remedy lest it furnish precedent for redress of trial errors generally.

■ Parallel situations illustrate the need for 2255 relief here. Without the District Judge's candor in disclosing his reasoning of the sentence, and with no appeal or an unsuccessful appeal, certainly upon discovery of the basis, justice would have compelled allowance of resort to 2255. Another conceivable example would be a post-sentence discovery of a judge's mental incompetency. Rare as well as unprecedented conditions—well termed "exceptional circumstances"—we think, are embraced in 2255's words "collateral attack".

■ The facts here come within that definition of the phrase. The judge's misconception drove him to act contrary to his considered judgment. He felt bereft of all discretion. Of course, the legislature may deprive a court of a freedom of action previously possessed but courts cannot so bind themselves. United States v. Wiley, 267 F.2d 453 (7 Cir. 1959). A defendant is entitled to the unfettered and unset deliberation of the judge. Unless the appellant-defendant here can avail himself of 2255, he will be serving a sentence imposed contrary to the wish and will of the sentencing court.

■ The underlying purpose of 2255 is to remove the possibility of the survival of an injustice beyond trial and

---

7. ABA Project on Minimum Standards for Criminal Justice, Appellate Review of Sentences 5 (1967), a report of the committee chaired by Judge Sobeloff.

appeal. True, it is primarily directed to infirmities in the fundamental requisites of a fair adjudication of guilt, whether or not they were discovered in time for appellate review. Such an absolute and rigid confinement of 2255's remedial aims, however, is not exacted by its terms. They give room for enlisting its aid in unforeseeable exigencies. So to indulge its use will not expose the statute to abuse, but it will honor its intendment as an instrument of rescue from injustice. Our case comes under its aegis. In any event, we prefer to subordinate the fetish of appealability vel non to the overriding concern of 2255.

Our conclusion is ably supported by decisions elsewhere. Thus in Thomas v. United States, 368 F.2d 941 (5 Cir. 1966), the prisoner complained that the sentencing court enlarged his punishment because even after conviction he insisted on his innocence. The appeals court granted 2255 relief, although in exercise of its supervisory powers, saying:

> "Since the sentence did not exceed the maximum limit set by statute, ordinarily it would not be subject to review by this Court. However, in very exceptional circumstances where an abuse of discretion clearly appears, Section 2255 may be employed to vacate the sentence. * * *" Id. at 944 (footnotes omitted). See also United States v. Wiley, supra, 267 F.2d 453 (7 Cir. 1959).

Another court found "exceptional circumstances" demanding 2255 relief where the judge had acted under a misunderstanding of law. In Robinson v. United States, 313 F.2d 817 (7 Cir. 1963), a maximum sentence was passed in the hope of securing for the defendant early admission to parole under 18 U.S.C. § 4208(a) (2). However, the offense carried a mandatory imprisonment so 4208 (a) (2) was not usable. Recognizing the judge's misunderstanding as probably accounting for the extreme sentence, the appellate court administered relief through 2255, concluding, as we do: "that the sentencing Judge acted under a mis-

apprehension of law * * * and that the judgment must be corrected." Id. at 821.

 Our decision does not obtrude on the District Judge's discretion; to the contrary, it restores it. The result permits the broad judgment typically vested in sentencing judges. Moreover, as one court has said, "Broad as his discretion may be a sentencing judge must always conform with the law governing the sentencing function." Coleman v. United States, 123 U.S.App.D.C. 103, 357 F.2d 563, 570 (1965).

Therefore, the sentence is vacated and the case remanded to the District Court for resentencing in the light of this opinion.

Vacated and remanded.