Floyd Eugene FARMER, Jr., Appellant,

v.

UNITED STATES PAROLE COMMISSION, Appellee.

No. 77–2017.

United States Court of Appeals, Fourth Circuit.

Argued April 3, 1978.

Decided Nov. 29, 1978.

Richard A. Wolff, Third Year Law Student (Michael E. Geltner and Larry J. Ritchie, Washington, D. C., App. Litigation Clinic, Georgetown University Law Center, on brief), for appellant.

Patrick J. Glynn, Atty., Dept. of Justice, Washington, D. C (Benjamin R. Civiletti, Asst. Atty. Gen., Washington, D. C., William B. Cummings, U. S. Atty., Stephen Wainger, Asst. U. S. Atty., Norfolk, Va.,

George W. Calhoun, Atty., Dept. of Justice, Washington, D. C., on brief), for appellee.

Before BUTZNER, WIDENER, and HALL, Circuit Judges.

WIDENER, Circuit Judge:

Floyd Eugene Farmer appeals from the judgment of the district court dismissing his motion under 28 U.S.C. § 2255. We affirm.

Upon his conviction of bank robbery in violation of 18 U.S.C. § 2113(a), Farmer was sentenced on August 9, 1973 to be imprisoned for a period of twenty years. The sentence was imposed under former 18 U.S.C. § 4208(a)(2), and provided that Farmer would become eligible for parole at such time as the United States Board of Parole[1] would determine. Subsequent to the imposition of sentence, however, the Parole Board adopted regulations which established statutorily authorized guidelines setting out customary periods of incarceration before parole would be considered. The Board for years had had its in house guidelines. See *Pickus*, infra.

Acting under the guidelines in December 1976, the Parole Board continued consideration of Farmer's eligibility for parole until December 1978. This action provided the basis for Farmer's pro se motion, which prayed for the setting aside of both his conviction and the sentence imposed because of the action of the Parole Board. The district court dismissed the cause, stating that "the courts are not empowered and have no jurisdiction to review the discretion of the Parole Board in denying an application of an inmate for parole."

On appeal, Farmer argues that the Board's new guidelines have violated his rights by frustrating the sentencing judge's intent to make him immediately eligible for parole, thus establishing ex post facto a greater actual punishment than that which was imposed by the district judge.[2]

Given the requisite liberality to be accorded the pleadings of pro se litigants, see *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), we are of opinion that Farmer's motion adequately alleged his sentence was imposed "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255. Accordingly, his motion was "drawn so as to claim a right to recover under the Constitution and laws of the United States," see *Bell v. Hood*, 327 U.S. 678, 681, 66 S.Ct. 773, 775, 90 L.Ed. 939 (1946), and the district court had subject matter jurisdiction of Farmer's motion. "The reason for this is that the court must assume jurisdiction to decide whether the allegations state a cause of action on which the court can grant relief as well as to determine issues of fact arising in the controversy." *Id.* at 682, 66 S.Ct. at 776. See also *Smith v. Sperling*, 354 U.S. 91, 95, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957).

Considering the issue of whether Farmer's motion stated a cause of action, however, we hold that a prisoner may not, under § 2255, attack his sentence on the ground that the Parole Board adopted or amended eligibility guidelines after the imposition of sentence. The Congress has provided in the statute under which the prisoner was sentenced, former 18 U.S.C.

1. The Parole Commission and Reorganization Act, 90 Stat. 219, effective May 14, 1976, recodified § 4208(a)(2) without substantial change, and not relevant here, as 18 U.S.C. § 4205(b)(2). For the sake of convenience, the former statutory designation is used throughout the opinion. The 1976 Act also abolished the United States Board of Parole, and transferred its authority to the newly created United States Parole Commission. The term Parole Board, used throughout the opinion, refers to both agencies as applicable.

2. Under the guidelines in effect at the time the Parole Board continued consideration of Farmer's case, 28 CFR § 2.20 (1976), the "customary total time to be served before release" (§ 2.20(h)) was established as 48–60 months. The guidelines did not establish an absolute barrier against parole prior to the passage of the requisite period. They describe themselves as "merely guidelines" and provide "[w]here the circumstances warrant, decisions outside of the guidelines (either above or below) may be rendered." 28 CFR § 2.20(c). The 1976, not 1973, guidelines were in force in December 1976.

§ 4208(a)(2), "that the prisoner may become eligible for parole at such time as the board of parole may determine." The Parole Board here has done just that; in the exercise of its discretion, it has determined that the time has not yet come for Farmer to become eligible for parole. That the Board's discretion in this case was exercised in part through the application of eligibility guidelines expressly authorized by Congress[3] does not weaken our determination not to interfere with the "full discretion" of the Board. See *Moody v. Daggett*, 429 U.S. 78, 87, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). See also *United States Board of Parole v. Merhige*, 487 F.2d 25, 29 (4th Cir. 1973). Rather than a violation, we find in this case that the Parole Board has complied with both the letter and the spirit of the law.[4]

We are thus of opinion that the motion for § 2255 relief, most favorably construed in favor of the prisoner, does not state a cause of action, and we so hold. *Bell v. Hood*, 327 U.S. p. 682, 66 S.Ct. 773.

The judgment of the district court, if not its entire opinion, is accordingly

*AFFIRMED.*

---

3. Current 18 U.S.C. § 4203(a)(1). Prior to this express authorization, the Parole Board had published eligibility guidelines; while the procedures used in promulgating those guidelines were successfully challenged in *Pickus v. United States Board of Parole*, 165 U.S.App.D.C. 284, 507 F.2d 1107 (1974), there apparently was no question of the Board's authority to issue the guidelines.

4. We recognize that the rationale for our decision may be said to differ from that of the Third and Eighth Circuits. See, e.g., *Musto v. United States*, 571 F.2d 136 (3d Cir. 1978); *Kills Crow v. United States*, 555 F.2d 183 (8th Cir. 1977). These courts appear to reason that under § 2255 a district judge may correct the sentence imposed only when his "express intent is thwarted by the promulgation of new parole policies contemporaneous or subsequent to the original imposition of sentence [footnote omitted]," e.g., *Musto*, 571 F.2d at 140, and otherwise has no jurisdiction to consider the matter. For the reasons expressed in our opinion, however, we respectfully disagree. To the extent that the courts in *Musto*, 571 F.2d at 140, n.10, and *Kortness v. United States*, 514 F.2d 167, 170 (8th Cir. 1975), may have relied on our decision in *United States v. Lewis*, 392 F.2d 440 (4th Cir. 1968), we again must respectfully disagree as to the construction of *Lewis*. The question for decision in *Lewis* involved the review under § 2255 of a sentence "imposed under a misapprehension of law . . . ." 392 F.2d at 441, which had nothing to do with any act of the Parole Board. No such mistake occurred here. The district judge who sentenced Farmer expected that he would become eligible for parole at whatever time the Parole Board determined, and this is what actually has happened.