**James P. KEHOE, Plaintiff,**

v.

**E. JENSEN, Superintendent, Allenwood Federal Prison Camp, Montgomery, Pennsylvania, et al., Defendants.**

**Civ. No. 75–789.**

United States District Court,
M. D. Pennsylvania.

Sept. 15, 1975.

As Amended Sept. 22, 1975.

James P. Kehoe, pro se.

Harry A. Nagle, Lewisburg, Pa., for defendant.

ORDER

MUIR, District Judge.

The background of this Order is as follows:

This habeas corpus action challenges the United States Board of Parole's treatment of prisoners sentenced under 18 U.S.C. § 4208(a)(2).[1] There are no disputed issues of material fact and thus no hearing is necessary. 28 U.S.C. § 2243.

Kehoe, presently an inmate at the Allenwood Federal Prison Camp, was sentenced by the United States District Court for the Eastern District of New York to two-and-a-half years in prison plus three years special parole under 18 U.S.C. § 4208(a)(2) for possession of marihuana with intent to distribute. He began serving his sentence on September 9, 1974.

On December 20, 1974, slightly more than three months after Kehoe began serving his sentence, he was given an institutional parole hearing by the Board

---

1. 18 U.S.C. § 4208(a)(2) provides in relevant part:

"(a) Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and the best interests of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may . . . (2) . . . fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may become eligible for parole at such time as the board of parole may determine."

of Parole. Such a hearing includes a personal appearance before the Board by the inmate. The examining panel continued his sentence to its expiration subject to a record review supplemented by a current institutional progress report in June, 1975, approximately the one-third point of his sentence. This decision was affirmed by the Board's regional and appellate divisions.

On June 13, 1975, the record review was held. There is some conflict over the content of the current progress report with regard to Kehoe's institutional achievement. He alleges that the caseworker who was to prepare his report was transferred before the report was written and that it was done by another caseworker who was unfamiliar with his progress and rehabilitation. The Government admits that there was a change in caseworkers but nevertheless contends that Kehoe's institutional progress was adequately considered during the review. In any event, Kehoe was again denied parole and continued to the expiration of his sentence. Resolution of the progress report conflict is unnecessary because the Court holds that the Board's action in not giving Kehoe an in-person hearing is illegal.

The controversy revolves around the disparity the Board's action creates between prisoners sentenced under 28 U.S. C. § 4202[2] (hereinafter referred to as 4202) and those sentenced under § 4208 (a)(2). The Courts that have addressed the issue have unanimously held that those sentenced under § 4208(a)(2) cannot receive less serious parole consideration than those sentenced under 4202. *Garafola v. Benson*, 505 F.2d 1212, 1219 (7th Cir. 1974); *Grasso v. Norton*, 520 F.2d 27 (2d Cir. 1975); *Stroud v. Weger*, 380 F.Supp. 897, 899 (M.D.Pa.1974) per Sheridan, Chief Judge; *Grasso v.*

*Norton*, 371 F.Supp. 171 (D.Conn.1974) (Grasso I); *Grasso v. Norton*, 376 F. Supp. 116 (D.Conn.1974) (Grasso II)[3]; *Reed v. United States*, 388 F.Supp. 725, 728 (D.Kansas 1975). These authorities have held that prisoners sentenced under § 4208(a)(2) who receive full institutional parole hearings shortly after incarceration must be afforded further "meaningful consideration" at or about the one-third point of their sentences. This is premised on the fact that those sentenced under 4202 receive an institutional parole hearing at the one-third point of their sentences when they become eligible for parole and a determination that the initial hearing given to § 4208(a)(2) prisoners cannot adequately consider institutional achievement. The split among the Circuit Courts of Appeal as well as within this District is over what constitutes "meaningful consideration" at the one-third point of a § 4208(a)(2) prisoner's sentence. Some courts have held that a file or record review with a current institutional progress report is sufficient. *Grasso v. Norton*, (2d Cir.); *supra*; *Stroud v. Weger*, *supra*; *King v. Sigler*, Civ. No. 74–787 (M.D.Pa. March 18, 1975) per Herman, J., app. pending, 3d Cir.App. No. 75–1862, docketed August 4, 1975; *United States v. Korner*, No. 73–CR–984 (E.D.N.Y. August 26, 1974). Others have held that an in-person hearing is necessary at the one-third point of a § 4208(a)(2) prisoner's sentence in order for him to secure "meaningful consideration." *Garafola v. Benson, supra; Grasso v. Norton* (Grasso I and II), *supra*; *Grasso v. Norton*, (2d Cir., dissent per Feinberg, J.), *supra; Bucciano v. Attorney General of the United States*, Civ. No. 74–820 (M.D.Pa. April 29, 1975) per Nealon, J.; *Wiley v. United States Board of Parole*, Civil No. 75–185 (M.D.Pa.

---

2.  18 U.S.C. § 4202 provides:

"A Federal prisoner, other than a juvenile delinquent or a committed youth offender, wherever confined and serving a definite term or terms of over one hundred and eighty days, whose record shows that he has observed the rules of the institution in which he is con-

fined, may be released on parole after serving one-third of such term or terms or after serving fifteen years of a life sentence or of a sentence of over forty-five years."

3.  Both Grasso I and Grasso II were affirmed in part and reversed in part in *Grasso v. Norton, supra*.

June 9, 1975) per Nealon, J. It is noteworthy that the Government in *Wiley* granted the Petitioner's request for an in-person hearing while opposing such a request in the instant case on very similar facts.

I am of the view that an in-person hearing for § 4208(a)(2) prisoners at the one-third point of their sentences is necessary to carry out the intent of 18 U.S.C. § 4208(a)(2).

Kehoe's allegations illustrate why the file review afforded those sentenced under § 4208(a)(2) may result in less "meaningful consideration" than is afforded to those sentenced under 4202. Without the opportunity to appear before the examining panel to support his position, he does not receive the same opportunity a 4202 prisoner has to demonstrate institutional progress. As it happened, Kehoe's institutional achievement report was written by a caseworker unfamiliar with his situation and may have contained inadequate or inaccurate information which Kehoe was not given a personal opportunity to rebut. Kehoe was not permitted to present personally other information in his own behalf. Kehoe did have the opportunity to submit written material to the examining panel for consideration by the panel. See 28 C.F.R. §§ 2.21 and 2.28. This is clearly less "meaningful consideration" than a § 4202 prisoner receives at his one-third point and is therefore insufficient. *Garafola v. Benson, supra; Reed v. United States, supra; Bucciano v. Attorney General, supra.*

It is argued that requiring another in-person hearing for § 4208(a)(2) prisoners at the one-third point of their sentences would place an additional burden on the already overworked Parole Board. This argument is not persuasive in light of the clear intent of Congress that such prisoners be given more flexible consideration for parole than a regularly sentenced inmate. The fact that § 4208(a)(2) prisoners may be paroled at any time implies a continuing duty on the Board to monitor the progress of such inmates in order to be able to determine when they are ready for release. If more extensive hearings are required of the Board to fulfill this duty, then such hearings must be held.

The in-person hearing required by the Court obviates the need for a decision on Kehoe's other claim that the Board erroneously classified his offense severity as "very high" under 28 C.F.R. § 2.20. At the hearing, Kehoe will be able to present his case for a different classification with whatever supporting evidence he can muster.

Now, therefore, it is ordered that:

A writ of habeas corpus releasing Kehoe from custody will issue unless within thirty days from the date of this Order the United States Board of Parole grants Kehoe an in-person hearing on his request for release on parole.