David Erwin JENNESS, # 38987–115, Petitioner,

v.

Irl E. DAY, Warden, Respondent.

No. CIV–76–0019–D.

United States District Court, W. D. Oklahoma.

May 13, 1976.

David Jenness pro se.

David L. Russell, U. S. Atty., by Drew Neville, Asst. U. S. Atty., Oklahoma City, Okl., for respondent.

### ORDER

DAUGHERTY, Chief Judge.

This is a proceeding for writ of habeas corpus by a federal prisoner at the Federal Reformatory, El Reno, Oklahoma, in which the petitioner claims that he is entitled to relief because the United States Board of Parole did not give him an institutional review hearing in November, 1975. From the court's examination of the files and records herein it appears that on November 26, 1973, the petitioner was convicted in the Northern District of Iowa of violating 18 U.S.C. § 471. The court found him to be a young adult offender and suspended the imposition of sentence and placed him on probation for a period of 30 months. On January 30, 1975, the court revoked the petitioner's probation and committed him to the custody of the Attorney General "for treatment and supervision pursuant to 18 U.S.C.A. § 5010(b) until discharged by the Federal Youth Corrections Division of the Board of Parole as provided in 18 U.S.C.A. § 5017(c)." The marshal took custody pursuant to the judgment and commitment on February 4, 1975, and delivered the petitioner to the Federal Reformatory at El Reno, Oklahoma on February 26, 1975. In May, 1975, the petitioner appeared before a Hearing Examiner Panel of the United States Board of Parole which notified him on May 9, 1975, that he had been continued for an Institutional Review Hearing during May, 1976, for the reasons that:

"Your offense behavior has been rated as moderate severity. You have a salient factor score of 8. Guidelines established by the Board which consider the above factors indicate a range of 13–17 months to be served before release for youth cases with good institutional program performance and adjustment. You have been in custody a total of three months. After careful consideration of all relevant factors and information presented, it is found that a decision outside the guidelines at this consideration does not appear warranted."

After giving the petitioner credit for his jail time the petitioner pursuant to 18 U.S.C.A. § 5017(c) must be released conditionally under supervision on or before November 24, 1977, and must be discharged unconditionally on or before November 24, 1979.

It is petitioner's contention that since his unconditional release date is computed from the date of his conviction that he was entitled to another parole hearing two years after the date of his conviction or in November, 1975. The petitioner places principal reliance upon *Grasso v. Norton,* 371 F.Supp. 171 (D.Conn.1974), hereinafter referred to as *Grasso I,* and *Grasso v. Norton,* 376 F.Supp. 116 (D.Conn.1974), hereinafter referred to as *Grasso II.* His reliance is misplaced. In *Grasso I* the court ruled that a prisoner sentenced under 18 U.S.C. § 4208(a)(2) and denied parole after a three months period of incarceration cannot be continued for subsequent review beyond one-third of his sentence. The court reasoned that the (a)(2) prisoner who is eligible for parole at any time could not receive less effective parole consideration than a non-(a)(2) prisoner who is eligible for parole only after serving one-third of his sentence. Grasso had been continued by the Parole Board until the expiration of his three-year sentence and the court granted a conditional writ discharging him unless the Board within 30 days rescinded its decision and issued a new order continuing petitioner to a date at or prior to the expiration of one-third of his sentence.

*Grasso II* resulted when the Parole Board promulgated a new policy providing that an (a)(2) prisoner who received a continuance to a date past one-third of his maximum sentence at an initial hearing should upon completion of one-third of his sentence receive a review by an Examiner Panel on the record. In accordance with the new procedure the Board then granted Grasso only a file review supplemented by a Progress Report from his case worker. The district court found the action taken to be an insufficient compliance with the court's order in *Grasso I* and discharged the petitioner. On appeal, *Grasso v. Norton,* 520 F.2d 27 (CA2 1975), the court agreed with the trial court that (a)(2) prisoners continued beyond a one-third point of their sentences are entitled to effective and meaningful parole consideration at or before the one-third point, but further held, contrary to the decision of the district court, that the new procedure satisfied this requirement and was within the limits of the authority and discretion granted to the Board.

In petitioner's case his actual incarceration did not begin until February 4, 1975. Because approximately 14 months had already elapsed since the date of his conviction the maximum period of incarceration which he might be required to serve was approximately 58 months. A regular adult prisoner serving a term of imprisonment of 58 months would have had to have been incarcerated for approximately 19 months before he became eligible for parole consideration. Stated another way, if the petitioner had been a regular adult prisoner who was not incarcerated until February 4, 1975, he would not have been entitled to a parole hearing until August, 1976. The petitioner admits that he is scheduled for another Institutional Review Hearing May 15, 1976. Therefore, he has not received less favorable treatment than a prisoner who had received a straight term of imprisonment imposed under 18 U.S.C.A. § 4202 and the rationale of the *Grasso* cases has no application.

Further, the district court in *Grasso* felt that it was impossible for the Board to realistically evaluate Grasso's rehabilitation performance after incarceration of only three months and that he was thus deprived of meaningful parole consideration at his initial appearance before the Board. Here, although the petitioner had only been imprisoned for approximately three months at the time of his initial appearance before the Board he had been under probation supervision for some 14 months preceding the actual incarceration. The petitioner's rehabilitation efforts over this entire period was before the Board at the hearing in May, 1975, and provided sufficient information for a fair evaluation of his rehabilitation performance.

Under the circumstances here presented the court finds that the petitioner was afforded meaningful parole consideration in May, 1975, and that he was not entitled to another parole hearing some six or seven months later in November, 1975. If, however, the petitioner had been entitled to such a hearing he would not now be entitled to his immediate release. The appropriate relief in the event that the petitioner were correct in his contentions would be for the court to grant a conditional writ discharging the petitioner unless the Board within a specified reasonable time afforded to the petitioner the hearing to which he was entitled. See *Grasso I.* The hearing scheduled for May 15, 1976, before the Board would satisfy any such requirement and the court could grant no further relief.

Accordingly, the Petition for Writ of Habeas Corpus will be denied.

IT IS SO ORDERED.