UNITED STATES of America

v.

Kenneth Allan HILL.

Crim. No. 74–207.

United States District Court,
M. D. Pennsylvania.

April 14, 1977.

S. John Cottone, U. S. Atty., Scranton, Pa., for plaintiff.

William Smith, Harrisburg, Pa., for defendant.

## MEMORANDUM AND ORDER

### NEALON, Chief Judge.

On February 18, 1975, defendant was given a five-year sentence in this Court under 18 U.S.C. § 4208(a)(1) with parole consideration after one year.[1]  On February 18, 1977, defendant filed this motion pursuant to 28 U.S.C. § 2255, claiming that the Parole Commission's handling of "(a)(1) prisoners" in general and of his parole application in particular warrants the correction of his sentence.  The government's answer was filed on March 22, 1977.[2]  Presently before the Court is the question of whether my expectations at the time of sentencing have been frustrated by Parole Commission action to the extent necessary to justify correction of sentence under § 2255.  *See generally United States v. Somers*, 552 F.2d 108 (3d Cir. 1977); *United States v. Salerno*, 538 F.2d 1005 (3d Cir. 1976), *sur petition for rehearing denied*, 542 F.2d 628 (3d Cir. 1976) (per curiam) (*Appeal of Silverman*). Claims cognizable instead under 28 U.S.C. § 2241 could be heard in this district, since defendant is presently incarcerated at the United States Penitentiary in Lewisburg, Pa., but must await the filing of a petition under § 2241 and the resulting assertion of jurisdiction over the person with "custody"

of petitioner.  *See* 28 U.S.C. § 2243; *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

In accordance with the sentence, defendant received parole consideration in January 1976 after serving 11 months.  An in-person institutional hearing was held, apparently in conformity with the regulations in effect at that time.  *See* 40 Fed.Reg. 41331 (Sept. 5, 1975) (§ 2.12 *et seq.*).[3]  By notice of action dated February 2, 1976, defendant was denied parole and his case continued until January 1978.  Notwithstanding that "his conduct was good and his work record excellent,"[4] the examiner panel determined not to depart from the guideline range of 36–45 months applicable in defendant's circumstances.  Defendant's next scheduled hearing, in January 1978, will come after 35 months of custody, one month prior to the bottom of the guideline range but 15 months after the one-third point of defendant's five-year (60-month) sentence.  Defendant exhausted administrative appeals, and filed a motion under Rule 35 of the Federal Rules of Criminal Procedure that was dismissed.[5]

In this motion under § 2255, defendant argues that, as an (a)(1) prisoner, the Parole Commission has not given weight to the Court's decision to provide for early parole consideration and has not predicated its decision on "good institutional conduct and program performance."  By analogy to the cases involving sentencing under 18 U.S.C. § 4208(a)(2),[6] defendant further contends that "meaningful consideration," in accordance with my intention in imposing an (a)(1) sentence, requires that the Parole

---

1. The Parole Commission and Reorganization Act, Pub.L. 94–233, 90 Stat. 219 (Mar. 15, 1976), *codified at* 18 U.S.C. § 4205(b)(1) leaves this provision essentially unchanged.

2. There is no provision for a traverse in § 2255 motions.  *See* Advisory Committee Notes to Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C.A. Appendix of Rules and Forms (Dec. 1976, at 1381).

3. Subsequent regulations may be found at 41 Fed.Reg. 19327 (May 12, 1976), and 41 Fed. Reg. 37319 (Sept. 3, 1976).

4. *See* Affidavit of J. P. Skaggs attached to Answer, Document # 19.

5. The motion was filed more than 120 days after imposition of sentence.  *See* Fed.R. Crim.P. 35.

6. *See Grasso v. Norton*, 520 F.2d 27 (2d Cir. 1975), *aff'g*, 376 F.Supp. 116 (D.Conn.1974); *Garafola v. Benson*, 505 F.2d 1212 (7th Cir. 1974); *Kehoe v. Jensen*, 400 F.Supp. 899 (M.D. Pa.1975); *Stroud v. Weger*, 380 F.Supp. 897 (M.D.Pa.1974); *Reed v. United States*, 388 F.Supp. 725 (D.Kan.1975); *Grasso v. Norton*, 371 F.Supp. 171 (D.Conn.1974).

Commission schedule a second in-person hearing at the one-third point of his sentence. In his circumstances this second hearing would be required after 20 months, nine months after the first hearing. The government argues that the analogy with (a)(2) cases does not apply, and that defendant received meaningful parole consideration. Such matters, however, are cognizable in a petition under § 2241; the only issue before me at this time is the question of whether my sentencing expectations have been frustrated. *See Salerno*, 538 F.2d 1008–09; *Kortness v. United States*, 514 F.2d 167 (8th Cir. 1975). *Cf. United States v. Wigoda*, 417 F.Supp. 276 (N.D.Ill. 1976) (relief granted under Rule 35).

Because my sentencing expectations have not been frustrated, the motion under § 2255 will be denied. I imposed sentence under § 4208(a)(1) well aware of the issues posed by sentencing under § 4208(a)(2). Indeed, in cases beginning six months earlier, I granted habeas corpus relief under § 2241 to (a)(2) prisoners who received an in-person hearing soon after incarceration, but who received set-offs beyond the one-third point of their sentences.[7] When defendant was sentenced as an (a)(1) prisoner, I was aware of the guidelines, the frequency with which they were adhered to, and that the regulations then in effect permitted a three-year set-off.[8] Defendant received parole consideration slightly before one year, and was given a two-year set-off to the bottom of his guideline range. There was no expectation that defendant would automatically be given another hearing at the one-third point of his sentence, which would come only eight or nine months after his first hearing. And, although I certainly expect-

ed that good institutional conduct and program performance would be given careful consideration, neither was it my expectation that good conduct and performance would automatically result in parole.

For these reasons the § 2255 motion will be denied.[9] At this time I express no opinion on whether due process requires that (a)(1) prisoners receive hearings at the one-third point,[10] or on whether the decision to deny petitioner parole was arbitrary and capricious. These matters are not properly before the Court at this time. I decide only that my sentencing expectations have not been frustrated in defendant's case. The denial of this motion under § 2255 is without prejudice to petitioner to file an action under § 2241 raising other questions not herein considered.

---

7. *See e. g., Crowley v. Weger*, Civil No. 74–130 (M.D.Pa., Aug. 2, 1974).

8. *See* 40 Fed.Reg. 41331 (Sept. 5, 1975) (§ 2.14(c)). The regulations now in effect provide for a maximum set-off of 18 months when the total sentence is less than seven years. *See* 41 Fed.Reg. 37319 (Sept. 3, 1976) (§ 2.14(d)).

9. Compare *Wigoda*, 417 F.Supp. at 278–82, where the expectations of the sentencing judge were defeated by the failure to give controlling weight to "strong factors" pointing to parole. *But see Salerno*, 542 F.2d at 29.

10. Research discloses no case directly on point. In *Jennes v. Day*, 418 F.Supp. 901 (W.D.Okl. 1976), it was decided that a prisoner, sentenced in accordance with the beneficial provisions of the Youth Corrections Act, 18 U.S.C. § 5010(b), received no less favorable treatment than he would have received under a regular adult sentence. Although he received his first parole hearing after three months of custody, his second hearing was scheduled for the middle of his guideline range and five months prior to the one-third point of the maximum period of incarceration.