**Darwin E. COON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 19479.

United States Court of Appeals
Eighth Circuit.

June 4, 1969.

Darwin E. Coon, pro se.

Asher E. Schroeder, U. S. Atty., and Gene R. Krekel, Asst. U. S. Atty., Sioux City, Iowa, for appellee.

Before VAN OOSTERHOUT, Chief Judge, and MATTHES and HEANEY, Circuit Judges.

MATTHES, Circuit Judge.

Darwin Evert Coon, appellant, convicted of violating 18 U.S.C. § 2113(e),[1]

---

1. This statute, in pertinent part, makes it a crime to (a) forcibly take or attempt to take from the person or presence of another property or money in the custody of a bank; or enter or attempt to enter a bank with intent to commit a felony therein; (b) take and carry away, with intent to steal, any property or money of a bank, and (d) assault any person with a dangerous weapon while commit-

ting or attempting to commit any offense in (a) or (b). Subsection (e) provides:

"Whoever, in committing any offense defined in this section or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without

is again seeking to vacate and set aside the judgment and sentence on the ground that the prosecution of the offense was barred by the statute of limitations when the indictment was returned.

The factual background antedating the present appeal is significant. After escaping from the Nevada State Prison on August 11, 1958, appellant and a companion, George Albert Mills, burglarized the Corn Belt State Bank at Correctionville, Iowa, on August 20, 1958, forcing the bank president to accompany appellant from his residence to the bank. Appellant and Mills were quickly apprehended. Attorneys were appointed to represent them, and on September 30, 1958, they were arraigned before Honorable Henry N. Graven, United States District Judge for the Northern District of Iowa. Both waived prosecution by indictment and pled guilty to a four count information charging violations of 18 U.S.C. § 2113(a), (b), (d) and (e). They received concurrent sentences of 20, 10, 20 and 20 years respectively on the four counts of the information.

On the same date, appellant pled guilty to a two count information charging escape from custody and conspiracy to escape in violation of 18 U.S.C. §§ 751 and 371, respectively. See our former opinion, Coon v. United States, 8 Cir., 360 F.2d 550, fn. 3, pp. 551–552 for circumstances relating to the attempted escape from the Sioux City, Iowa jail. Appellant was given two five year consecutive sentences on these counts. While serving these sentences, appellant on September 6, 1963, filed a motion in the nature of a writ of error coram nobis to set aside the judgment and sentence of September 30, 1958, entered on the con-

viction under 18 U.S.C. § 2113. He contended that since he had been charged and convicted of a capital offense (18 U.S.C. § 2113(e)) prosecution by indictment was required, could not be waived, and consequently his conviction under an information constituted a jurisdictional defect under Fed.R.Crim.P. 7(a), Smith v. United States, 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed.2d 1041 (1959). The district court on October 21, 1963, granted appellant's motion and vacated the sentence and judgment.

On January 17, 1964, an indictment was returned charging appellant with the same offenses alleged in the earlier information. Appellant's court appointed counsel filed a motion to quash the indictment on the ground that the prosecution was barred by the five year statute of limitation.[2] The motion was sustained as to the first three counts (charging violations of 18 U.S.C. § 2113(a), (b) and (d)). But the district court held that since Count IV (§ 2113(e)) charged a crime punishable by death, the indictment could be returned at any time without limitation,[3] and denied the motion to dismiss Count IV. Subsequently a jury found appellant guilty. On May 20, 1965, the court entered judgment and imposed a 20 year sentence which provided that appellant would become eligible for parole pursuant to the provisions of 18 U.S.C. § 4208(a)(2). Thereafter on motion pursuant to 28 U.S.C. § 2255 and Rule 35, Fed.R.Crim.P., the district court on August 1, 1966, vacated the sentence for the reason that the judgment improperly incorporated the parole eligibility provisions of 18 U.S.C. § 4208(a)(2). On August 17, 1966, appellant was resentenced for a term of 10 years.[4]

the consent of such person, shall be imprisoned not less than ten years, or punished by death if the verdict of the jury shall so direct."

2. 18 U.S.C. § 3282 provides:
   "Except as otherwise provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five

years next after such offense shall have been committed."

3. 18 U.S.C. § 3281 reads: "An indictment for any offense punishable by death may be found at any time without limitation except for offenses barred by the provisions of law existing on August 4, 1939."

4. The district court, on the authority of Rivera v. United States, 318 F.2d 606

From the judgment of May 20, appellant appealed to this court contending that his prosecution was barred by the statute of limitations. He argued that since the Government did not request the death penalty and since the jury did not assess it, the crime was not a "capital offense" within the meaning of §§ 3281 and 3282. In rejecting his contention, Coon v. United States, *supra*, 360 F.2d at 553, we pointed out:

"In contending for application of the five-year statute, appellant has conveniently changed his theory and argues in direct contradiction to the proposition he successfully urged in support of his writ of error coram nobis to set aside the first conviction; i. e., that the offense of which he was charged and convicted under § 2113(e) was a capital offense."

We reasoned that the courts must look to the charge as laid in the indictment and not to the ultimate result of the trial in determining whether an offense is "punishable by death" within the meaning of the statute of limitations. Since "[t]he clear and ordinary meaning of the words unquestionably encompasses any offense for which the death penalty may be imposed," we ruled that prosecution under 18 U.S.C. § 2113(e) was governed by 18 U.S.C. § 3281 and thus subject to no time limitation. Id. at 554. The Supreme Court denied certiorari. 385 U.S. 873, 87 S.Ct. 145, 17 L.Ed.2d 100 (1966).

Since that appeal, the Supreme Court has decided United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968) and Pope v. United States, 392 U.S. 651, 88 S.Ct. 2145, 20 L.Ed.2d 1317 (1968). In *Jackson*, the Court held that the provision of the Federal Kidnaping Act, 18 U.S.C. § 1201(a), which provides that the defendant shall be punished by death if the kidnaped person has not been liberated unharmed and if the verdict of the jury so recommends, is not constitu-

tionally enforceable. The holding was based on the view that such a provision allowing the jury, but not the judge, to impose a death sentence discouraged assertion of the Fifth Amendment right not to plead guilty and the Sixth Amendment right to demand a jury trial. In *Pope*, the Court vacated a death sentence imposed on a conviction of 18 U.S.C. § 2113(e) in light of the Solicitor General's concession that the death penalty provision "suffers from the same constitutional infirmity" that afflicted the Federal Kidnaping Act.

Based on the *Jackson* decision, appellant, on May 3, 1968, filed a § 2255 motion in the district court, once again contending that his 1964 conviction under § 2113(e) was barred by the limitation of § 3282. This motion was denied on August 6, 1968. Appellant's theory in the district court and here is that under *Jackson* and *Pope* his violation of § 2113 (e) is not an offense punishable by death, and therefore the five year statute of limitations governs the 1964 prosecution.

We find no merit in appellant's contention. The statute of limitations applicable to his prosecution was the one in force at that time. It provided that "[a]n indictment for any offense punishable by death may be found at any time without limitation * * *." 18 U.S.C. § 3281. Clearly at the time of appellant's prosecution, a violation of 18 U.S.C. § 2113(e) was such an offense. As we stated in the prior appeal: "The clear and ordinary meaning of the words unquestionably encompasses any offense for which the death penalty may be imposed." 360 F.2d 554. "[T]he courts look to the charge as laid in the indictment * * * in determining whether the offense under § 2113(e) is punishable by death within the meaning of the no-limitations statute." Id. The indictment here charged a crime punishable by death, and § 3281 was obviously the limi-

(9th Cir. 1963) and Robinson v. United States, 313 F.2d 817 (7th Cir. 1963) was of the view that 18 U.S.C. § 4208(a) (2) does not apply where the offense carries

a mandatory sentence. Violation of 18 U.S.C. § 2113(e) entails a sentence of not less than 10 years.

tations statute applicable to appellant's prosecution.

Moreover, *Jackson* does not compel the result urged upon us. In voiding a death penalty provision similar to the one in § 2113(e), the Court specifically cautioned that elimination of the provision,

> " * * * in no way alters the substantive reach of the statute and leaves completely unchanged its basic operation. Under such circumstances, it is quite inconceivable that the Congress which decided to authorize capital punishment in aggravated kidnaping cases would have chosen to discard the entire statute if informed that it could not include the death penalty clause now before us. * * *
>
> "Thus the infirmity of the death penalty clause does not require the total frustration of Congress' basic purpose—that of making interstate kidnaping a federal crime. By holding the death penalty clause of the Federal Kidnaping Act unenforceable, we leave the statute an operative whole, free of any constitutional objection." 390 U.S. at 586, 591, 88 S.Ct. at 1219, 1221.

As is evident from these excerpts, the scope of the *Jackson* decision is limited to the constitutional infirmities attending imposition of the death penalty.[5] Here we are concerned not with a constitutional issue, but with the statute of limitations. "Generally speaking, limi-

tation of the time for commencing the prosecution of a criminal charge is purely a matter of statute." O'Malley v. United States, 128 F.2d 676, 683 (8th Cir. 1942), *reversed on other grounds*, 317 U.S. 412, 63 S.Ct. 268, 87 L.Ed. 368 (1943). Thus in deciding which limitation is applicable, we must look directly to the statute. And in interpreting the statute of limitations, "the statute must be considered in the light of the situation as it existed and presumably was known to Congress at the time of the passage of the statute * * *." United States v. Beard, 118 F.Supp. 297, 299 (D.Md. 1954).

From the time of the enactment of the no limitations provisions through this appellant's prosecution for violation of § 2113(e) the latter offense was one within the meaning of § 3281. Consequently we conclude there is no basis for concluding at this time that the judgment and sentence should be vacated on the ground that § 3282, *supra*, was the controlling statute of limitations. To hold otherwise would be to give a perverted reading to the statutory scheme in existence at all pertinent times.[6]

Because the prosecution in this case was commenced and consummated prior to the *Jackson* decision we are not faced with and have not considered the question of which statute of limitations governs post-*Jackson* prosecutions under § 2113(e).

The judgment denying relief is affirmed.

---

5. While we do not base our decision on the retroactivity of the *Jackson* decision, we note that other courts have held that the only defendants who can claim prejudice because of their convictions under the statutes considered in *Jackson* and *Pope* are those who (1) pleaded guilty, (2) waived a jury trial, or (3) demanded a jury trial and are now under sentence of death. Parker v. United States, 400 F.2d 248, 252 (9th Cir. 1968); Robinson v. United States, 394 F.2d 823, 824 (6th Cir. 1968). And see Bailey v. United States, 405 F.2d 1352 (D.C. Cir. 1968); United States ex rel. Buttcher v. Yeager, 288 F.Supp. 906, 908–909 (D.N.J.1968). Of course, this appellant does not fall within any of these categories.

6. Further indication of the probability that Congress did not intend a prosecution such as this to fail because of a statute of limitations is found in the 1964 amendment to 18 U.S.C. § 3288. This statute now provides that where "an indictment or information filed after the defendant waives in open court prosecution by indictment is found * * * defective or insufficient * * * after the period prescribed by the applicable statute of limitations has expired," the defendant may be reindicted. Prior to 1964, the statute did not provide for reindictment when the defendant pled guilty to an *information* which was later found defective.