Chief Judge ERDMANN delivered the opinion of the court.
Contrary to his pleas, Sergeant Christopher A. Quick was convicted by a panel of officer and enlisted members, sitting as a general court-martial, of conspiracy to distribute an indecent visual recording, wrongfully viewing an indecent visual recording, and indecent conduct, in violation of Articles 81, 120c, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 920c, 934 (2012). Quick was sentenced to a bad-conduct discharge, six months of confinement, and a reduction to E-3. The convening authority approved the sentence as adjudged. In a published decision, the United States Navy-Marine Corps Court of Criminal Appeals (NMCCA) set aside Quick’s conviction for wrongfully viewing an indecent visual recording and, finding that the penalty landscape had dramatically changed, ordered a sentencing rehearing. United States v. Quick, 74 M.J. 517, 519, 524 (N.-M.Ct.Crim.App.2014). As a result of the remand for a sentence rehearing, the Judge Advocate General of the Navy has asked this court whether Courts of Criminal Appeals (CCAs) have the legal authority to order sentence-only rehearings under Article 66(d), UCMJ, 10 U.S.C. § 866(d) (2012).[1] In view of this court’s long-standing precedent on this issue' and the doctrine of stare decisis, we affirm the decision of the NMCCA.

Discussion

Neither the substantive offenses nor the facts below are at issue in this appeal. The underlying issue is whether Article 66(d), UCMJ, authorizes the CCAs to order sentence-only rehearings. The government argues that the CCAs do not have that authority and asks that we overrule this court’s decision in United States v. Miller, 10 C.M.A.296, 27 C.M.R. 370 (1959), in which we specifically recognized the authority of the CCAs to order sentence-only rehearings. The government asserts that Miller was wrongly decided in light of Jackson v. Taylor, 353 U.S. 569, 77 S.Ct. 1027, 1 L.Ed.2d 1045 (1957). The government further argues that under the plain language of Article 66(d), UCMJ, if a CCA orders a rehearing, it must do so for both the finding(s) which were set aside and the sentence. It cannot order a sentence-only rehearing. The government goes on to argue that, if Congress had intended to grant the CCAs the authority to order sentence-only rehearings, it would have amended Article 66(d), UCMJ, in the same manner it amended Article 69, UCMJ, 10 U.S.C. 869, in the Military Justice Act of 1983, which extended that authority to the Judge Advocates General.[2]
*334 Quick counters that Miller was correctly-decided, that the plain language of Article 66, UCMJ, supports the CCA’s power to order sentence-only rehearings and that, in any event, this court should continue to follow Miller under the doctrine of stare decisis. While Quick also relies on the plain language of Article 66(d), UCMJ, in his statutory construction argument he primarily relies on 1 U.S.C. § 1, which provides that “[i]n determining the meaning of any Act of Congress, unless the context indicates otherwise ... words importing the plural include the singular. ...” Quick argues that since the term “findings” in Article 66(d) can be read as “finding,” the statute authorizes rehearings when the CCA sets aside “a finding and sentence.”
The process for first-level appellate review of court-martial convictions is encompassed within Article 66, UCMJ. Subsection (d) of Article 66 addresses the scope of the CCA’s authority to order rehearings:
If the Court of Criminal Appeals sets aside the findings and sentence, it may, except where the setting aside is based on lack of sufficient evidence in the record to support the findings, order a rehearing. If it sets aside the findings and sentence and does not order a rehearing, it shall order that the charges be dismissed.

Jackson v. Taylor:

In 1967, the Supreme Court decided Jackson, which addressed the options available to boards of review (now the Courts of Criminal Appeals) when a sentence has been set aside. 353 U.S. at 570-71, 77 S.Ct. 1027. Jackson and two other soldiers had been convicted at a general court-martial of premeditated murder and attempted rape and all three were sentenced to life in prison. Id. The findings and sentences were approved by the convening authority. Id at 571, 77 S.Ct. 1027. On appeal, however, the United States Army board of review set aside the convictions for premeditated murder and affirmed only the convictions for attempted rape. Id. at 570-71, 77 S.Ct. 1027. The board then modified the sentences and held that “only so much of the approved sentence as provides for dishonorable discharge, total forfeitures, and confinement at hard labor for 20 years is correct in law and fact.” Id. at 570, 77 S.Ct. 1027. The three soldiers sought review from this court (at that time the United States Court of Military Appeals), but did not challenge the authority of the board of review to modify the sentences. Id. at 571-72, 77 S.Ct. 1027. The petitions were summarily denied. Id. (citing United States v. Fowler, 2 C.M.R. 336 (A.B.R.1952)).
' The three soldiers were confined in different federal prisons and each appealed to the appropriate federal district court through writs of habeas corpus, challenging the board’s power to modify the sentences. Id. at 572, 77 S.Ct. 1027. The district courts arrived at conflicting decisions as did the respective Circuit Courts of Appeal.[3] Id. *335 Relying on Article 66(c), the Supreme Court held that “[t]he board may ‘affirm ... such part or amount of the sentence, as it finds correct — ’ That is precisely what the review board did here.” Id. at 576, 77 S.Ct. 1027 (alterations in original) (citation omitted). Having determined that the board of review had the authority to alter the sentence, the Supreme Court turned to Jackson’s argument that the board was required to return the case to the convening authority for a sentence rehearing. Although it did not specifically reference Article 66(d), UCMJ, the Supreme Court summarily dispensed with this argument:
We find no authority in the Uniform Code for such a procedure ánd the petitioner points to none. The reason is, of course, that the Congress intended that the board of review should exercise this power. This is true because the nature of a court-martial proceeding makes it impractical and unfeasible to remand for the purpose of sentencing alone. See United States v. Keith, 1 U.S.C.M.A. 442, 451, 4 C.M.R. 34, 43 (1952).
Jackson, 353 U.S. at 579, 77 S.Ct. 1027 (footnote omitted).

United States v. Miller:

In 1959 this court decided Miller, which considered whether the boards of review had the legal authority to order sentence-only rehearings. 10 C.M.A. at 298, 27 C.M.R. at 372. The board of review in Miller set aside a finding and ordered a sentence-only rehearing. Id. at 297, 27 C.M.R. at 371. The Judge Advocate General of the Army then asked this court whether the board of review had exceeded its authority in light of the Supreme Court’s holding in Jackson. Id.
The Miller court reviewed its precedent as to the authority of boards of review to order rehearings and noted that it had, without exception, upheld the power of the boards to order sentence-only rehearings.[4] Id. at 299, 27 C.M.R. at 373. The court addressed the Jackson decision, id. at 298, 27 C.M.R. at 372, and noting that the Supreme Court had “purported to rely on the holdings of this Court,”[5] found that:
[w]hile it is true we’ have generally returned cases to boards of review because sending them to the trial level is rather cumbersome in that a new court must be assembled and informed on the facts, there are some cases in which the latter disposition is preferable and, as indicated, our decisions approving this limited form of relief are found in the reported cases. Accordingly, we are led to believe that in Jackson v. Taylor, supra, the Supreme Court was merely pointing out some of the difficulties which prompted Congress to authorize reassessment of the sentence by a board of review and that it was not intending to say the power to order the limited rehearing was not impliedly granted by Articles 66 and 67 of the Code. Accordingly, we reaffirm our previous holdings that a case may be returned to a court-martial for rehearing on sentence only.
Id. at 299, 27 C.M.R. at 373.
As recognized by both parties, when this court considers a request to overrule a prior decision of the court, we analyze the matter under the doctrine of stare deci-sis. The doctrine of stare decisis is “most compelling where courts undertake statutory construction.” United States v. Rorie, 58 M.J. 399, 406 (C.A.A.F.2003).
When considering whether to overrule a precedent, we are guided by the doctrine of stare decisis. Under this fundamental principle, adherence to precedent “is the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the *336 judicial process.” Payne v. Tennessee, 501 U.S. 808, 827, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991).
Stare decisis is a principle of decision making, not a rule, and need not be applied when the precedent at issue is “unworkable or ... badly reasoned.” Id. As a general matter, however, “adhering to precedent ‘is usually the wise policy, because in most matters it is more important that the applicable rule of law be settled than it be settled right.’” Id. (quoting Burnet v. Colorado Oil & Gas Co., 285 U.S. 393, 406, 52 S.Ct. 443, 76 L.Ed. 815 (1932)) (Brandeis, J., dissenting).
United States v. Tualla, 52 M.J. 228, 231 (C.A.A.F.2000).
Under the doctrine of stare decisis a decision should not be overruled without examining intervening events, reasonable expectations of servicemembers, and the risk of undermining public confidence in the law. Florida Department of Health and Rehabilitative Services v. Florida Nursing Home Ass’n, 450 U.S. 147, 151-55, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981) (Stevens, J., concurring).
United States v. Boyett, 42 M.J. 150, 154 (C.A.A.F.1995).
For purposes of our analysis under the doctrine of stare decisis, therefore, we do not limit our review to whether Miller was wrongly decided, but rather we examine: whether the prior decision is unworkable or poorly reasoned;[6] any intervening events; the reasonable expectations. of servicemem-bers; and the risk of undermining public confidence in the law.

Workability and Reasoning:

As noted in Miller, sending a case to CCAs for a sentence-only rehearing is somewhat cumbersome, as a new court must be assembled and informed of the facts. 10 C.M.A. at 299, 27 C.M.R. at 373. However, a process that is cumbersome does not equate to a process that is unworkable. The very fact that the CCAs have been ordering sentence-only rehearings for over sixty years demonstrates the workability of the process. That workability is further illustrated by paragraph 92.a. of the 1969 MCM which authorized a convening authority to order a sentence-only rehearing and the 1983 statutory expansion of the authority to order sentence-only rehearings to the Judge Advocates General — changes made with the participation and support of the government.[7] We do not believe that the executive branch would itself adopt, and also request Congress to adopt, an unworkable procedure. Indeed, the jurisprudence that has developed since Miller has established guidelines as to when it is appropriate for a CCA to remand a case for a sentence rehearing and when it is appropriate for a CCA to reassess the sentence at the appellate level.[8] Consequently, there is nothing that has been submitted to this court which demonstrates that the Miller process is unworkable.
As to whether the Miller decision was poorly reasoned, both parties have presented valid arguments supporting their respective positions. However, we note that the Miller court directly addressed the Jackson decision and provided an explanation for its interpre *337 tation of that decision. We do not believe that Miller was so poorly reasoned that it should be reversed on that basis alone, particularly when it has been accepted by and relied upon by both the legislative and executive branches of government in the intervening years.

Intervening Events:

As noted, in the Military Justice Act of 1983, Congress amended Article 69, UCMJ, to grant authority to the Judge Advocates General to order sentence-only rehearings. Congress did not take that opportunity to amend Article 66(d) to grant similar authority to the CCAs.[9] The government, while recognizing that legislative inaction does not necessarily reflect legislative intent, goes on to assert that Congress’s “refusal” to grant the CCAs the same statutory authority could be seen as evidence of congressional intent not to grant the CCAs the same power. They further suggest that such a failure by the legislature could constitute an intervening event for purposes of a stare decisis analysis.
The legislative history of the 1983 amendments, however, does not support such a conclusion. The amendments were endorsed by the Department of Defense and the Department’s testimony recognized that the Courts of Military Review already possessed that authority. Moreover, as noted above, the language supporting the government’s position that the CCAs had this power was largely adopted by Congress.[10] In view of the government’s position and congressional recognition that the CCAs possessed that authority at the time, there would be no reason for Congress to take legislative action. The Military Justice Act of 1983 does not constitute an intervening event for purposes of stare decisis.

Reasonable Expectations of Servicemembers:

While it is difficult to quantify the expectations of servicemembers in regard to the authority of the CCAs to order sentence-only rehearings, in the over sixty years of this court’s consistent interpretation, Miller has become an established component of the military justice system. See Appendix (non-exhaustive list of cases explicitly or implicitly affirming sentence-only rehearings). In the almost seventy cases identified by this court, at least nine have discussed the CCA’s power to varying degrees.[11]
Of particular note are Sills and Winckel-mann. In Sills, the United States Air Force Court of Criminal Appeals (AFCCA) set aside the appellant’s conviction for committing an indecent act. 56 M.J. at 239. Citing legislative history and the Supreme Court’s decision in Jackson, however, the AFCCA determined it was without power to order a sentence-only rehearing. Id. We reversed the AFCCA, finding that the court “did not take into account this Court’s contrary, controlling interpretation of Jackson.” Id. In making our determination, we noted that this court’s position on Jackson had been unchanged for over four decades and that the power of the CCAs to order sentence-only rehearings had been recognized by both the executive and legislative branches of government. Id. at 240.
Winckelmann included an issue as to whether the CCA abused its authority when it failed to order a sentence rehearing. 73 M.J. at 13. In considering the issue, this Court again addressed the Supreme Court’s holding in Jackson:
Although Jackson conclusively established the review board’s authority to reassess *338 sentences in appropriate cases, in light of certain dicta in Jackson, a certain amount of confusion arose as to the authority of the board of review to order a rehearing on the sentence alone. However, what confusion that might have arisen as a result of the dicta in Jackson was resolved by this Court in United States v. Miller. The Miller court discussed Jackson and reaffirmed that “a rehearing limited to sentence alone may be an appropriate and permissive remedy for the cure of errors not affecting findings.”
This consistent practice has stood since 1959 without legislative amendment by Congress.
Winckelmann, 73 M.J. at 14 (footnote and internal citations omitted).[12]

Risk of Undermining Public Confidence:

The Supreme Court has held that stare decisis “is the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process.” Payne v. Tennessee, 501 U.S. 808, 827, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991); see also Tualla, 52 M.J. at 231. As noted, the Miller rule has been in effect for over sixty years and during that time has become accepted procedure in the military justice system. It has provided a predictable and consistent appellate remedy for both litigants and the lower courts to follow.
The executive branch has acknowledged the viability of the Miller ruling when it extended the same authority to convening authorities in the 1969 MCM, and also when it supported Congress’s extension of that authority to the Judge Advocates General in 1983. The President has also specifically recognized the CCA’s power to order sentence-only rehearing in several provisions of the Rules for Courts-Martial (RiC.M.). See R.C.M. 810(a)(2); R.C.M. 1203(c)(2).

Conclusion

In the more than six decades since the adoption of the UCMJ, this court has consistently interpreted Article 66(d),. UCMJ, to authorize CCAs to order sentence-only rehearings. During that time the substantive language of the subsection has not changed and the government has recognized that the CCAs have the authority to order sentence-only rehearings, both before Congress and this court. The ability of CCAs to order sentence-only rehearings is an accepted and viable appellate remedy and is relied upon by all litigants in the military justice system. The government has failed to establish sufficient justification to depart from the doctrine of stare decisis. See Arizona v. Rumsey, 467 U.S. 203, 212, 104 S.Ct. 2305, 81 L.Ed.2d 164 (1984) (any departure from the doctrine of stare decisis demands special justification).

Decision

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.

. The government certified the following issue pursuant to Article 67(a)(2):
Whether precedent authorizing Courts of Criminal Appeals to order sentence-only rehearings should be overruled based on: (A) Jackson v. Taylor, 353 U.S. 569 [77 S.Ct. 1027, 1 L.Ed.2d 1045] (1957), which stated "no [such] authority” exists; (B) the plain language of the statute including the conjunctive "findings and sentence” in Article 66(d) in contrast to authority granted the Judge Advocates General in Article 69(a) to act with respect to "findings or sentence or both” and the convening authority in Article 60(f)(3) to order sentence rehearings; and (C) judicial economy.
United States v. Quick, 74 M.J. 223 (C.A.A.F.2015) (docketing notice).

. The government also argues that Congress extended the authority to order sentence-only rehearings to convening authorities in the Military Justice Act of 1983 by amending Article 60, *334 UCMJ. While that authority was inserted into Article 60(e)(3) in the 1983 amendments, the authority already existed. The Senate Report that accompanied the Military Justice Act of 1983 explained that the substantive rules governing a convening authority’s power to order a rehearing were taken from the then existing version of Article 63(a) which stated, “If the convening authority disapproves the findings and sentence of a court-martial he may, except where there is lack of sufficient evidence in the record to support the findings, order a rehearing.” S. Rep. No. 98-53, at 51 (1983). As explained in the Senate Report, Article 63(a) was "implemented by paragraph 92a of the Manual for Courts-Martial (rev. ed. 1969)," .id. at 27, which specifically stated, "In addition to having the power ... to order a rehearing in full ..., the convening authority or a reviewing authority may order a rehearing on the sentence only based on the sustained findings [Article] (81 i>(2))." Manual for Courts-Martial, United States, para. 92.a., at 18-1 (1969 rev. ed.) (MCM). Therefore, Congress considered that the amendments to Article 60(e) in 1983 "continue[d preexisting] authority for the convening authority to order ... a rehearing on the sentence only based upon approved findings.” S. Rep. No. 98-53, at 21.

. The United States Court of Appeals for the Seventh Circuit held that the board of review did not have the power to modify the sentence while both the United States Courts of Appeals for the Third and Fifth Circuits held it possessed that authority. See DeCoster v. Madigan, 223 F.2d 906, 910 (7th Cir.1955), overruled by 353 U.S. at 569, 77 S.Ct. 1027; Jackson v. Taylor, 234 F.2d 611, 614 (3d Cir.1956), aff'd, 353 U.S. at 569, 77 S.Ct. 1027; Wilkinson v. Fowler, 234 F.2d 615 *335 (5th Cir.1956), aff'd, 353 U.S. at 569, 77 S.Ct. 1027.

. Between the effective date of the UCMJ and the Jackson decision, this court had recognized or affirmed the power of the boards of review to order sentence-only rehearings in at least four cases, but did not discuss the language of Article 66(d). See Appendix.

. The Supreme Court in Jackson cited United States v. Keith, 1 C.M.A. 442, 451, 4 C.M.R. 34, 43 (1952). 353 U.S. at 579, 77 S.Ct. 1027.

. Cf. Johnson v. United States, — U.S. -, 135 S.Ct. 2551, 2562, 192 L.Ed.2d 569, 584 (2015) ("The doctrine of stare decisis allows us to revisit an earlier decision where experience with its application reveals that it is unworkable.”).

. Department of Defense General Counsel William H. Taft IV provided testimony to both the Senate and House hearings in support of the Military Justice Act of 1983 and noted that the Courts of Military Review (now the CCAs) already possessed the authority to order sentence rehearings. See S.Rep. No. 98-53, at 1; Hearing on S. 974 before the Military Personnel and Compensation Subcomm. of the Comm, on Armed Services, 98th Cong. 38 (1983) (statement of Hon. William H. Taft, General Counsel of the Department of Defense). Both the Senate and House Committee Reports on S. .974 recognized that the Courts of Militaiy Review possessed the authority to order sentence rehearings at that time. See S.Rep. No. 98-53, at 29; H.R.Rep. No. 98-549, at 16.

.See, e.g., United States v. Winckelmann, 73 M.J. 11, 14-16 (C.A.A.F.2013); United States v. Moffeit, 63 M.J. 40, 43-44 (C.A.A.F.2006) (Baker, J., concurring in the result); United States v. Buber, 62 M.J. 476, 480 (C.A.A.F.2006); United States v. Doss, 57 M.J. 182, 184-86 (C.A.A.F.2002); United States v. Sales, 22 M.J. 305, 307 (C.M.A.1986).

. While Article 66, UCMJ, has been amended numerous times since its passage, Article 66(d), UCMJ, has only been amended twice, both times to change the name of the intermediate military court. See National Defense Authorization Act for Fiscal Year 1995, Pub.L. No. 103-337, 108 Stat. 2663; Military Justice Act of 1968, Pub.L. No. 90-632, 82 Stat. 1335.

. See supra note 7.

. See United States v. French, 10 C.M.A. 171, 185, 27 C.M.R. 245, 259 (1959); United States v. Christopher, 13 C.M.A. 231, 234, 32 C.M.R. 231, 234 (1962); Sales, 22 M.J. at 307; United States v. Jones, 39 M.J. 315, 317 (C.M.A.1994); United States v. Boone, 49 M.J. 187, 194 (C.A.A.F.1998); United States v. Murphy, 50 M.J. 4, 16 (C.A.A.F.1998); United States v. Sills, 56 M.J. 239, 239 (C.A.A.F.2002); United States v. Gaskins, 72 M.J. 225, 231 (C.A.A.F.2013); Winckelmann, 73 M.J. at 14.

. The Winckelmann court, however, was divided on this issue. See 73 M.J. at 17 (Stucky, J., concurring in the result) ("Despite the clear language of Jackson, this Court has refused to follow it.”); id. at 17-18 (Ryan, J., concurring in the result) ("I agree with Judge Stucky that the Jackson v. Taylor language about rehearing on sentence alone is neither confusing nor a mere dictum.”) (internal quotation marks and citations omitted).