*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————

**UNITED STATES**
**Appellee**

v.

**Edzel D. Mangahas, Lieutenant Colonel**
United States Air Force, Appellant

**No. 17-0434**
Crim. App. No. 2016-10

Argued October 11, 2017—February 6, 2018

Military Judges: Joseph S. Imburgia and Brendon K. Tukey

For Appellant: *Terri R. Zimmerman,* Esq. (argued); *Major Todd M. Swensen, Major Johnathan D. Legg, and Jack B. Zimmerman*, Esq. (on brief).

For Appellee: *Lieutenant Colonel G. Matt Osborn* (argued); *Colonel Julie L. Pitvorec* and *Major Mary Ellen Payne* (on brief).

Judge RYAN delivered the opinion of the Court, in which Chief Judge STUCKY, Judges OHLSON and SPARKS, and Senior Judge COX, joined.

————————

Judge RYAN delivered the opinion of the Court.

On October 28, 2015, Appellant was charged with one specification of rape in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920. The charge alleges that Appellant raped DS when they were both cadets at the United States Coast Guard Academy in 1997. The parties agree that it was not until 2015, eighteen years after the incident, that the charge was received by the officer exercising summary court-martial jurisdiction, and Appellant was informed of the allegations against him. There is no DNA evidence in this case.

At a preliminary hearing pursuant to Article 32, UCMJ, 10 U.S.C. § 832 (2012), the preliminary hearing officer determined that there was no probable cause to support the charge. Nonetheless, the convening authority referred the charge to trial by general court-martial, and Appellant was arraigned.

Appellant filed three motions to dismiss the charge and specification based on: the statute of limitations, improper referral, and a violation of the constitutional right to a speedy trial, respectively. The military judge denied Appellant's motion to dismiss based on the nonconstitutional grounds of statute of limitations, but granted the motion to dismiss based on a violation of the constitutional right to a speedy trial. In doing so, the military judge dismissed the charge and specification with prejudice.[1] He held that the Government's inaction in excess of eighteen years prior to preferring charges violated the speedy trial guarantee of the Fifth Amendment's Due Process Clause.

The Government filed an interlocutory appeal contesting the military judge's ruling pursuant to Article 62, UCMJ, 10 U.S.C. § 862 (2012). The United States Air Force Court of Criminal Appeals (AFCCA) granted the Government's appeal and vacated the military judge's ruling. *United States v. Mangahas*, Misc. Dkt. No. 2016-10, 2017 CCA LEXIS 236, at *21, 2017 WL 1735161, at *7 (A.F. Ct. Crim. App. Apr. 4, 2017) (unpublished). The AFCCA held that the military judge abused his discretion in finding that actual prejudice resulted from the lengthy pre-preferral delay, and that there was thus no due process violation. 2017 CCA LEXIS 236, at *10–11, 2017 WL 1735161, at *4.

This Court ordered a stay of the court-martial proceedings pending the completion of appellate review. We granted Appellant's petition to review the following issue:

> Whether the lower court erred in finding no due process violation when the Government was inactive for over 17 years before investigating a claim of rape, violating [Appellant's] Fifth Amendment Right to a Speedy Trial.

We held oral argument on the granted issue on October 11, 2017. It is a long-established principle that federal courts will avoid a constitutional question if the issue presented in a case may be adjudicated on a nonconstitutional ground. *United States v. Serianne*, 69 M.J. 8, 10−11 (C.A.A.F. 2010) (citing *United States v. Serianne*, 68 M.J. 580, 584−85 (N-M.

---

[1] The military judge concluded that a "ruling" on the defense's motion to dismiss was thus "unnecessary."

Ct. Crim. App. Nov. 25, 1999)); *see United States v. Simmons*, 38 M.J. 376, 380 (C.M.A. 1993) (citing *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 346−48 (1936) (Brandeis, J., concurring)); *Rosenberg v. Fleuti*, 374 U.S. 449, 451 (1963). This is true even where the nonconstitutional ground, although raised at trial, is not raised by the parties on appeal. *Simmons*, 38 M.J. at 380; *see also Peters v. Hobby*, 349 U.S. 331, 338 (1955). In this case, the nonconstitutional ground *was* raised at the trial level and this issue was obvious and ripe on appeal. Accordingly, on October 25, 2017, we ordered additional briefing on the following specified issue:

> In light of *Coker v. Georgia*, 433 U.S. 584, 598 (1977), and *United States v. Hickson*, 22 M.J. 146, 154 n.10 (C.M.A. 1986), was the offense of rape of an adult woman, a violation of Article 120, UCMJ, 10 U.S.C. § 920 (Supp. II 1997), a crime punishable by death within the meaning of Article 43, UCMJ, 10 U.S.C. § 843 (1994).

Having considered those cases, we answer the specified issue in the negative. The prior decisions of *United States v. Stebbins*, 61 M.J. 366, 369 (C.A.A.F. 2005), and *Willenbring v. Neurauter*, 48 M.J. 152, 178, 180 (C.A.A.F. 1998), are overruled to the extent that they hold that rape was punishable by death at the time of the charged offense. Thus, the offense of rape is not exempt from the five-year statute of limitations.[2]

---

[2] While under federal law the statute of limitations for rape is five years, 18 U.S.C. § 3282, in 2006, Congress amended the statute of limitations in the military, so that at least for offenses committed on or after October 1, 2007, "[a] person charged with . . . rape or sexual assault . . . may be tried and punished at any time without limitation." 10 U.S.C. § 843 (2012) (as amended by National Defense Authorization Act for Fiscal Year 2006, 109 Pub. L. 163, §553, 119 Stat. 3136, 3264 (2006) (effective October 1, 2007))). *But see United States v. Grimes*, 142 F.3d 1342, 1351 (11th Cir. 1998).

**I.**

The applicable statute of limitations is a question of law, which we review de novo. *United States v. Lopez de Victoria*, 66 M.J. 67, 73 (C.A.A.F. 2008) (citing *United States v. Falk*, 50 M.J. 385, 390 (C.A.A.F. 1999)). An accused is subject to the statute of limitations in force at the time of the offense. *Toussie v. United States*, 397 U.S. 112, 115 (1970). Relevant to this case, the following iteration of Article 43, UCMJ, 10 U.S.C. § 843 (1994), was in effect at the time of the alleged offense:

> (a) A person charged with absence without leave or missing movement in time of war, *or with any offense punishable by death*, may be tried and punished at any time without limitation.

> (b)(1) *Except as otherwise provided in this section* (article), a person charged with an offense is not liable to be tried by court-martial if the offense was committed more than five years before the receipt of sworn charges and specifications by an officer exercising summary court-martial jurisdiction over the command.

(Emphasis added.)

The statute of limitations is, therefore, five years except "as otherwise provided in this section (article)." Article 43(b)(1), UCMJ. Put another way, the statute of limitations is five years unless a person is charged (1) with absence without leave or missing movement in time of war; or (2) "with any offense punishable by death." Article 43(a), UCMJ. Those offenses have no statute of limitations.

While relevant to the statute of limitations that will apply in a particular case, authorized punishments are in a separate part of the UCMJ, and are not themselves part of Article 43, UCMJ. Generally speaking, for most of the UCMJ punitive articles, the President establishes maximum authorized punishments in pt. IV of the *Manual for Courts–Martial, United States*. *United States v. Ronghi*, 60 M.J. 83, 84−85 (C.A.A.F. 2004); Article 56, UCMJ, 10 U.S.C. § 856 (2012); Article 18, UCMJ, 10 U.S.C. § 818 (2012). Yet, some punitive articles themselves contain punishments. *See, e.g.,* Article 85(c), 10 U.S.C. § 885(c) (2012) ("Any person found

guilty of desertion . . . shall be punished, if the offense is committed in time of war, by death.").

In 1997, Article 120, UCMJ, provided that:

> (a) Any person subject to this chapter who commits an act of sexual intercourse, by force and without consent, is guilty of rape and *shall be punished by death or such other punishment as a court-martial may direct.*

Article 120, UCMJ, 10 U.S.C. § 920 (Supp. II 1997) (emphasis added).

However, decades prior to 1997, the Supreme Court had decided *Coker v. Georgia*, 433 U.S. 584, 598 (1977). In *Coker*, the Supreme Court unequivocally held that the death penalty was a constitutionally impermissible penalty in violation of the cruel and unusual punishment clause of the Eighth Amendment for the crime of rape of an adult woman. *Id.* at 592.

This Court is "generally not free to 'digress' from applicable Supreme Court precedent" on matters of constitutional law. *United States v. Witham*, 47 M.J. 297, 300 (C.A.A.F. 1997). "Absent articulation of a legitimate military necessity or distinction, or a legislative or executive mandate to the contrary, this Court has a duty to follow Supreme Court precedent." *United States v. Cary*, 62 M.J. 277, 280 (C.A.A.F. 2006). No such articulation or mandate exists,[3] and it is thus no surprise that, recognizing the import of *Coker*, our predecessor court noted that while the UCMJ authorized the death sentences for rape, in the absence of aggravating circumstances, such punishment cannot be constitutionally inflicted. *United States v. Hickson*, 22 M.J. 146, 154 n.10 (C.M.A. 1986).[4]

---

[3] The argument that the Supreme Court's modified opinion in *Kennedy v. Louisiana* forges a constitutional distinction between the civilian and military spheres on the issue of the death penalty for rape is unfounded. 554 U.S. 407, 428 (2008), modified on denial of reh'g, 554 U.S. 945, 947 (2008). As the Court recognized, it was "a matter not presented here for our decision." *Id.* at 948.

[4] Article 55, UCMJ, also prohibits the punishment of any person subject to the UCMJ by cruel and unusual punishment. Article 55, UCMJ, 10 U.S.C. § 855 (2012).

## II.

Statutes of limitations represent the legislative judgment that "it is unjust to fail to put the adversary on notice to defend within a specified period of time and that 'the right to be free of stale claims in time comes to prevail over the right to prosecute them.' " *United States v. Kubrick*, 444 U.S. 111, 117 (1979) (citation omitted). Thus, in the realm of criminal prosecution, "after a certain time, no quantum of evidence is sufficient to convict." *Stonger v. California*, 539 U.S. 607, 615 (2003) (citation omitted). An unlimited statute of limitations for "any offense punishable by death," reflects Congress's intent that the passage of time should not bar the prosecution of the gravest offenses. *See generally* 5 Wayne R. LaFave et al., *Criminal Procedure*§ 18.5(a) (4th ed. 2015). Nonetheless, the Supreme Court has indicated that criminal statutes of limitations are to be "liberally interpreted in favor of repose." *United States v. Marion*, 404 U.S. 307, 322 n.14 (1971) (citing *United States v. Habig*, 390 U.S. 222, 227 (1968)).

It is in this context that we examine our decision in *Willenbring*, which held, in relevant part, that rape is an "offense punishable by death" for purposes of exempting it from the five-year statute of limitations of Article 43(b)(1) even if it could never be punished by death. 48 M.J. at 180. Courts do not lightly overrule precedent, *see generally* Randy J. Kozel, *Settled Versus Right: A Theory of Precedent* (2017), but "*stare decisis* is a principle of decision making, not a rule, and need not be applied when the precedent at issue is …'badly reasoned.' " *United States v. Quick*, 74 M.J. 332, 336 (C.A.A.F. 2015) (citation omitted). The discrete portion of *Willenbring* related to Article 43, UCMJ, in the context of rape is such a precedent.

First, "punishable" is not a term of art and has an ordinary meaning. *United States v. Schloff*, 74 M.J. 312, 313 (C.A.A.F. 2015) ("In the absence of any specific statutory definition, we look to the ordinary meaning of the word."). In its plainest terms, "punishable" means "subject to a punishment," or "to inflict punishment." *Black's Law Dictionary* 1428 (10th ed. 2014); *Webster's Ninth New Collegiate Dictionary* 955 (9th ed. 1991). Where, as in *Willenbring*, there is *no* set of circumstances under which the death penalty could

constitutionally be imposed for the rape of an adult woman, since that offense is simply not "punishable by death" for purposes of the exception to the ordinary five-year statute of limitations. *Willenbring* gave short shrift to this highly salient point.

Second, and relatedly, despite the admonition that criminal statutes of limitations are to be "liberally interpreted in favor of repose," *Marion*, 404 U.S. at 322 n.14, *Willenbring* instead effectively *expanded* the statute of limitations to include an offense that was not, in fact, punishable by death. This, in turn, was caused in part by a failure to account for the distinction between "punishable," which is what the statute of limitations requires, and "authorized," which serves another purpose, in another statute.

Third, despite the duty to follow Supreme Court precedent, the *Willenbring* opinion engaged in no analysis of *Coker*, 433 U.S. 584. This failure to incorporate and analyze applicable Supreme Court precedent further undermines the precedential value of *Willenbring*.

Finally, *Willenbring* placed undue reliance on three federal civilian cases, none of which are either binding or analogous to the issue in *Willenbring*: *United States v. Manning*, 56 F.3d 1188, 1196 (9th Cir. 1995); United *States v. Watson*, 496 F.2d 1125 (4th Cir. 1973); and *Coon v. United States*, 411 F.2d 422, 424 (8th Cir. 1969). In *Willenbring*, as in the instant case, the death penalty was *completely unavailable* on constitutional grounds. 48 M.J. at 180. The *Coker* decision had been released approximately ten years prior to the commission of the charged offenses in *Willenbring*. *Id.* at 155. In contrast, in *Manning*, *Watson*, and *Coon*, the death penalty was, in fact, at least a potentially available punishment for the respective charges at the time the offenses were committed.

In *Manning*, the appellant was convicted of murder by sending a bomb in the mail. 56 F.3d at 1193. In *Watson*, the appellant was convicted of first-degree murder. 496 F.2d at 1125. In *Manning* and *Watson*, the death penalty was an available punishment for the charged offenses, and the decisions that analyzed the relevant statute of limitations reflected that point. In those cases the government did not

seek the death penalty, but the offenses *were* punishable by death.

In *Coon*, after a convoluted appellate history, the court ultimately denied the appellant relief on statute of limitations based on two different grounds. First, the court rejected the argument that the offense was not punishable by death because the government did not *seek* the death penalty. 411 F.2d at 424 (citing *Coon v. United States*, 360 F.2d 550, 553 (8th Cir. 1966)). The court held that courts must look to the charge in the indictment and not the result of trial in determining whether an offense is punishable by death. *Id.* Second, the court rejected the notion that a *later* determination that imposition of the death penalty was constitutionally infirm for the charged offense, *United States v. Jackson*, 390 U.S. 570 (1968) and *Pope v. United States*, 392 U.S. 651 (1968), was relevant for determining the statute of limitations that applied *at the time of the offense*. 411 F.2d at 425.

In the cases *Willenbring* relied on, the death penalty was a substantively available sentence for the offense at the time of the offense. Here, as in *Willenbring*, the death penalty is simply unavailable for the charged offense on constitutional grounds. We need not and do not decide today what potentiality or procedural posture equates to *punishable by death*. We simply hold that where the death penalty could *never* be imposed for the offense charged, the offense is *not* punishable by death for purposes of Article 43, UCMJ. To hold otherwise, as we did in *Willenbring*, creates a grave "risk of undermining public confidence in the law." *Quick*, 74 M.J. at 336.

### III.

The statute of limitations in this case is five years. Given that the charge and specification were received by the officer exercising summary court-martial jurisdiction eighteen years after the alleged offense, the decision of the United States Air Force Court of Criminal Appeals is reversed. The charge and specification are dismissed.